James E. Mercante (JS 4231)
Michael E. Stern (MS 9113)
RUBIN FIORELLA & FRIEDMAN, LLP
292 Madison Avenue
New York, New York 10017
(212) 953-2381
Attorneys for DONJON MARINE CO., INC..

RECEIVED MAY 11 2007 U.S.D.C. S.D. N.Y. CASHIERS

JUDGE SWEET

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
DENNIS KIRBY,

                Plaintiff,

-against-

DONJON MARINE CO., INC.,

                Defendant.
------------------------------------------------------------x

07 CIV 3742 Index No.

**NOTICE OF REMOVAL**

      **PLEASE TAKE NOTICE** that on this date DONJON MARINE CO., INC. (hereinafter "'DONJON"), by its undersigned counsel, RUBIN, FIORELLA & FRIEDMAN LLP, has filed a Notice of Removal pursuant to 28 U.S.C. 1441 and 28 U.S.C. 1446 in the office of the Clerk of the United States District Court for the Southern District of New York. Said defendant DONJON shows:

      1.     Plaintiff, DENNIS KIRBY, commenced this action against DONJON in the Supreme Court of the State of New York, County of Bronx, by filing a Summons and Verified Complaint on or about April 12, 2007. A true copy of plaintiff's Summons and Verified Complaint is annexed hereto as Exhibit "A".

      2.     The Summons and Verified Complaint were delivered to DONJON on or about May 1, 2007.

      3.     Plaintiff alleges in the Verified Complaint that he is a resident of the State of New

York.

4. DONJON is, and at all times relevant was, a corporation incorporated under the laws of the State of New Jersey, with its principal place of business at 1250 Liberty Avenue, Hillside, New Jersey.

5. The allegations contained in plaintiff's Verified Complaint pertain to a claim for personal injury.

6. The jurisdiction over the subject matter of this action is conferred upon this Court by 28 U.S.C. §1332, Diversity of Citizenship, in that plaintiff is a resident of the State of New York, and DONJON is a resident of a foreign state and plaintiff's demand exceeds the sum or value of $75,000.00 exclusive of interest and costs.

7. Jurisdiction is also conferred upon this Court by 28 U.S.C. §1333, which provides that the District Courts shall have original jurisdiction of any civil case of admiralty or maritime jurisdiction. Plaintiff's allegations comprise a maritime claim within the admiralty jurisdiction of this Court.

8. Notice of Removal is filed with this Court within thirty days of DONJON's receipt, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon such action or proceeding as provided by 28 U.S.C. 1446(b).

9. DONJON hereby removes this action to the United States District Court for the Southern District of New York.

10. After filing of the Notice of Removal in the United States District Court for the Southern District of New York, written notice of the filing of this Notice of Removal will be given by the attorneys for DONJON to the attorneys for plaintiff, as provided by law, and a copy of the

Notice of Removal will be filed with the Clerk of the Supreme Court of the State of New York, County of Bronx.

11. DONJON has good and sufficient defenses to this action.

12. No previous application for the relief sought herein has been made to this or any other court.

**WHEREFORE**, DONJON MARINE CO., INC. gives Notice of Removal of this case to the United States District Court for the Southern District of New York.

Dated: New York, New York
May 11, 2007

                          RUBIN, FIORELLA & FRIEDMAN LLP
                          Attorneys for DONJON MARINE CO. INC.

By: _____
       James E. Mercante (JM 4231)
       Michael E. Stern (MS 9113)
292 Madison Avenue
New York, New York 10017
(212) 953-2381
Our File No. 609-8731



SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

------------------------------------------------------------X

DENNIS KIRBY,

                Plaintiff,

-against-

DONJON MARINE CO., INC.,

                Defendant.

------------------------------------------------------------X

**SUMMONS**
Index No.: 13941-07

The basis of venue is:
**Plaintiff's Residence**
Plaintiff designates Bronx County as the place of trial.
Plaintiff resides:
868 East 156th Street
Bronx, New York 10455
County of Bronx

**To the above named Defendant:**

**You are hereby summoned** to answer the complaint in this action, and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance on the Plaintiff's attorney within twenty days after the service of this summons, exclusive of the day of service, where service is made by delivery upon you personally within the state, or, within 30 days after completion of service where service is made in any other manner. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

DATED:    New York, New York
             April 11, 2007

Yours, etc.

_____
CHRISTOPHER J. GORAYEB
GORAYEB & ASSOCIATES, P.C.
Attorney for Plaintiff
DENNIS KIRBY
100 William Street, Ste. 1205
New York, New York 10038
(212) 267-9222
File No. 7401 - LL/MU

Law Offices
GORAYEB & ASSOCIATES, P.C.
100 WILLIAM STREET
NEW YORK, NEW YORK 10038

**DEFENDANT'S ADDRESS:**
**DONJON MARINE CO., INC.:** 1250 Liberty Avenue, Hillside, New Jersey 07205

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-----------------------------------------------------------X
DENNIS KIRBY,

                Plaintiff,

      -against-

DONJON MARINE CO., INC.,

                Defendant.
-----------------------------------------------------------X

**VERIFIED COMPLAINT**

Index No.: 13941-07

    Plaintiff, **DENNIS KIRBY**, by his attorney, **GORAYEB & ASSOCIATES, P.C.**, complaining of the defendant, respectfully alleges, upon information and belief, as follows:

1. That plaintiff was and still is a resident of the State of New York, County of Bronx.

2. That this action falls within one or more of the exemptions set forth in CPLR §1602.

3. That at all times hereinafter mentioned, the defendant, **DONJON MARINE CO., INC.** (hereinafter "**DONJON**"), was and still is a domestic corporation organized and existing under and by virtue of the Laws of the State of New York.

4. That at all times hereinafter mentioned, **DONJON**, was and still is a partnership organized and existing under and by virtue of the Laws of the State of New York.

5. That at all times hereinafter mentioned, and upon information and belief, **DONJON**, was and still is a foreign corporation authorized to do business under and by virtue of the Laws of the State of New York.

6. That at all times hereinafter mentioned, and upon information and belief, **DONJON**, maintained a principal place of business in the State of New Jersey

Law Offices
RAYEB & ASSOCIATES, P.C.
100 WILLIAM STREET
W YORK, NEW YORK 10038

with its principle place of business at 1250 Liberty Avenue, Hillside, New Jersey 07205.

### AS AND FOR A FIRST CAUSE OF ACTION
### ON BEHALF OF THE PLAINTIFF DENNIS KIRBY

7. Plaintiff, **DENNIS KIRBY**, repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "6" together with the same force and effect as though same were more fully set forth at length herein.

8. That on January 31, 2007, **DONJON**, owned the property located at Dry Dock 3 located at Richmond Terrace and Broadway, Staten Island, New York.

9. That on January 31, 2007, DONJON owned a vessel known as or named "William E."

10. That on January 31, 2007, the "William E" was in dry dock at Caddell Dry Dock and Repair Co., Inc.

11. That on January 31, 2007, the "William E" was in dry dock #3 at Caddell Dry Dock and Repair Co., Inc.

12. That on January 31, 2007, **DONJON**, owned a vessel or structure located at Dry Dock 3 located at Richmond Terrace and Broadway, Staten Island, New York

13. That on January 31, 2007, **DONJON**, maintained a vessel or structure located at Dry Dock 3 located at Richmond Terrace and Broadway, Staten Island, New York.

14. That on or prior to January 31, 2007, the "William E" was transported to Caddell Dry Dock and Repair Co., Inc., on Staten Island for renovation, refitting, painting and/or repair.

15. That on or prior to January 31, 2007, **DONJON**, was hired and/or retained to act as a contractor for the refitting, renovation, painting, repair and/or alteration

Law Offices
)RAYEB & ASSOCIATES, P.C.
100 WILLIAM STREET
:W YORK, NEW YORK 10038

of a vessel known as "William E" at Dry Dock 3 located at Richmond Terrace and Broadway, Staten Island, New York.

16. That on or prior to January 31, 2007, **DONJON,** entered into an agreement and contract by which **CADDELL DRY DOCK AND REPAIR CO, INC.** was to provide certain work, labor, painting, renovation and/or repairs with respect to certain renovation, alterations and/or repairs of its vessel, the "William E".

17. That on or prior to January 31, 2007, **DONJON** entered into an agreement and contract by which **CADDELL DRY DOCK AND REPAIR CO., INC.** was to provide certain work, labor, painting, renovation and/or repairs to a vessel it owned at Dry Dock 3 located at Richmond Terrace and Broadway, Staten Island, New York.

18. That on or prior to January 31, 2007, **DONJON** retained a contractor to perform renovation, painting, repair and/or alteration of a vessel at Dry Dock 3 located at Richmond Terrace and Broadway, Staten Island, New York.

19. That on or prior to January 31, 2007, **DONJON** retained **CADDELL DRY DOCK AND REPAIR CO., INC.** to provide work, labor and/or services at the vessel at Dry Dock 3 located at Richmond Terrace and Broadway, Staten Island, New York.

20. That at all times hereinafter mentioned, and on, or prior to January 31, 2007, **DONJON** hired and/or retained **CADDELL DRY DOCK AND REPAIR CO., INC.** pursuant to a written contract and/or agreement a contractor.

21. That on January 31, 2007, renovation, refitting, painting, alterations and/or repairs were being performed on the "William E" at Dry Dock 3 located at the premises of CADDELL DRY DOCK AND REPAIR CO., INC.

22. That on January 31, 2007, renovation, painting, repair and/or alterations were being performed on a vessel known as "William E" at Dry Dock 3 located at Richmond Terrace and Broadway, Staten Island, New York.

Law Offices
)RAYEB & ASSOCIATES, P.C.
100 WILLIAM STREET
;W YORK, NEW YORK 10038

23. That on January 31, 2007, plaintiff was engaged in the performance of renovation, refitting, painting, repair and/or alterations on said vessel.

24. That the Defendant, its agents, servants and/or employees had the duty to provide the Plaintiff with a safe place to work.

25. That the Defendant, its agents, servants and/or employees had the non-delegable duty to see that the work site was kept reasonably safe and free of dangers and hazards to those workers lawfully thereat.

26. That on January 31, 2007, while plaintiff **DENNIS KIRBY**, was lawfully and carefully working on a ladder on said vessel, he was caused to fall from said ladder by reason of the negligence and/or violation of statute of the defendant, its agents, servants and/or employees in the ownership, operation, direction, supervision, possession, control, construction, repair, rehabilitation, refitting, painting and/or alteration of the said vessel sustaining the injuries hereinafter alleged.

27. That the defendant, its agents, servants and/or employees were negligent, reckless and careless in the ownership, operation, repair, control, possession, supervision, direction, construction, inspection, management, renovation, rehabilitation, refitting and/or alteration of the said vessel in that they failed to provide the plaintiff with a safe place to work; failed to provide the plaintiff with a hazard-free work place; failed to provide the plaintiff with proper and safe elevated working surfaces, scaffolds and ladders, so fixed, secured and/or maintained and braced so as to prevent the plaintiff from falling from same; failed to provide the plaintiff with proper and approved safety devices so placed, fixed and/or secured so as to afford proper protection to the plaintiff working thereat; violated the applicable provisions of the Labor Law of the State of New York, the Industrial Code of the State of New York and the provisions of the Occupational Safety & Health Administration as they pertain to construction;

Law Offices
)RAYEB & ASSOCIATES, P.C.
100 WILLIAM STREET
:W YORK, NEW YORK 10038

failed to inspect the work areas on the date of the accident and prior thereto to see that the elevated working surfaces, scaffolds and ladders were safe; and, failed to provide the plaintiff with any safety devices to prevent plaintiff from falling from said elevated working surfaces, scaffolds and ladders.

28. That the defendant, its agents, servants and/or employees had actual and/or constructive notice of the dangerous and defective conditions existing upon the work site.

29. That the accident and the injuries resulting therefrom were caused solely and wholly by reason of the negligence of the defendant, its agents, servants and/or employees without any fault, want of care or culpable conduct on the part of the plaintiff contributing thereto.

30. That by reason of the foregoing, the plaintiff has been rendered sick, sore, lame maimed and disabled and so remains. That he has been unable to attend to his usual vocation and activities and that he has been obliged to expend and will expend in the future, sums of money for medical aid and attention, all to his damage in an amount that exceeds the jurisdictional limits of all lower courts.

## AS AND FOR A SECOND CAUSE OF ACTION
## ON BEHALF OF THE PLAINTIFF DENNIS KIRBY

31. Plaintiff, **DENNIS KIRBY**, repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "29" together with the same force and effect as though same were more fully set forth at length herein.

32. That on January 31, 2007, there existed in full force and effect within the State of New York, Sections 200, 240(1) and 241(6) of the Labor Law of the State of New York.

33. That the defendant had the duty to comply with the provisions of sections 200, 240(1), and 241(6) of the Labor Law of the State of New York.

34. That said defendant violated Sections 200, 240(1) and 241(6) of the Labor Law

Law Offices
RAYEB & ASSOCIATES, P.C.
100 WILLIAM STREET
NEW YORK, NEW YORK 10038

of the State of New York.

35. That on January 31, 2007, there existed Rule 23 of the Industrial Code of the State of New York.

36. That the defendant had the duty to comply with the provisions of Rule 23 of the Industrial Code of the State of New York.

37. That by reason of the negligence of the defendant aforesaid, the defendant violated Rule 23 of the Industrial Code of the State of New York.

38. That by reason of the foregoing, the plaintiff has been rendered sick, sore, lame maimed and disabled and so remains. That he has been unable to attend to his usual vocation and activities and that he has been obliged to expend and will expend in the future, sums of money for medical aid and attention, all to his damage in an amount that exceeds the jurisdictional limits of all lower courts.

**WHEREFORE**, the plaintiff **DENNIS KIRBY** demands judgment against the defendant in an amount that exceeds the jurisdictional limits of all lower courts on each cause of action, with costs, interest and disbursements.

Dated:     New York, New York
           April 11, 2007

Yours, etc.

CHRISTOPHER J. GORAYEB
GORAYEB & ASSOCIATES, P.C.
Attorney for Plaintiff
DENNIS KIRBY
100 William Street
New York, New York 10038
(212) 267-9222
File#/7401 - LLMU

Law Offices
RAYEB & ASSOCIATES, P.C.
100 WILLIAM STREET
W YORK, NEW YORK 10038

## ATTORNEY'S VERIFICATION

CHRISTOPHER J. GORAYEB, an attorney duly admitted to practice before the Courts of the State of New York, affirms the following to be true under the penalties of perjury:

I am a member of the law firm of GORAYEB & ASSOCIATES, P.C., attorney of record for plaintiff, I have read the annexed **COMPLAINT** and know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon facts, records, and other pertinent information contained in my files. The reason this verification is made by me and not Plaintiff is that Plaintiff does not reside in the county wherein the attorney for the plaintiff maintain its offices.

DATED:   New York, New York
         April 11, 2007

_____
CHRISTOPHER J. GORAYEB

Law Offices
GORAYEB & ASSOCIATES, P.C.
100 WILLIAM STREET
NEW YORK, NEW YORK 10038